JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY R. MADISON, ) | CASE NO. CV 12-8147 GW |
|    Petitioner, ) | **DEATH PENALTY CASE** |
|        v. ) | |
| KEVIN CHAPPELL,* Warden of ) California State Prison at San ) Quentin, ) | ORDER DISMISSING FEDERAL HABEAS PROCEEDINGS |
|    Respondent. ) | |

    On September 20, 2012, Petitioner Rickey R. Madison, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, initiated the above-titled action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").

    Petitioner was sentenced to death on July 17, 2009. His automatic appeal is pending. Counsel was appointed on July 2, 2012, and appellant's opening brief is due February 11, 2013. (Docket, Case No. S174886.) Notwithstanding the pendency of his direct appeal, Petitioner filed state habeas petitions on September 8, 2010 (*see* Order, Case No. A130440), November 30, 2010 (Case No. A130440),

---

* Kevin Chappell is substituted for his predecessors as Warden of California State Prison at San Quentin, pursuant to Federal Rule of Civil Procedure 25(d).

December 7, 2010 (Case No. S189956), February 4, 2011 (Case No. B230660), and March 29, 2011 (Case No. S191795), along with a fourth petition denied March 10, 2011 (Case No. SA062408).  Petitioner filed a prior federal habeas petition before this Court on April 19, 2011.

The instant Petition alleges one ground for relief, that "[t]he United States Supreme Court held that procedurally barred claims can be heard on the merits if it is more likely than not that no reasonable juror would have convicted the Appellant in light of the new evidence." (Pet. at 5-5A.)  Petitioner was charged with murder involving the personal use of a knife, within the meaning of California Penal Code §§ 12022(b)(1) and 1192.7(c)(23), and murder that involved the infliction of torture, within the meaning of California Penal Code § 190.2(a)(18).  (*See* Pet. Ex. A at 1-2.)  The jury did not find true the allegation of personal use of a knife.  (*Id.* at 4.)  The jury found true the torture-murder allegation.  (*Id.*)

Petitioner argues that "the jury verdict is not a conviction of murder that involved the infliction of torture within the meaning of penal code section 190.[2](a)(18)," (Pet. at 5B), and that he:

> was sentence to San Quentin death row illegal by the Airport Court, even when the jury did not prove their charge of murder and torture. . . .  The court acted outside of its legal authority and violated the fundamental aspects of fairness that resulted in an 'Innocence' person been sentence to death when no reasonable juror voted for guilty.

(*Id.* at 5B-5C (text as in original).)  Petitioner alleges that the jury verdict form he attaches as an exhibit to the Petition is new evidence.  (*See id.* at 5C.)

Petitioner responds in the negative to the Petition's questions, "Did you raise this claim on direct appeal to the California Court of Appeal?;" "Did you raise this claim in a Petition for Review to the California Supreme Court?;" and "Did you raise this claim in a habeas petition to the California Supreme Court?"  (Pet. at 5.)

2

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted" as to claims that are raised, or could be raised, in the appeal. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (holding petitioner's "claim is premature, and must be dismissed for failure to exhaust state remedies") (footnote omitted); *see also Madison v. Martel*, No. 11-55825 (9th Cir. Apr. 27, 2012) (denying Petitioner's request for a certificate of appealability from his prior proceeding before this Court on the basis that "[n]o reasonable jurist would debate that Petitioner must first exhaust his state court remedies before proceeding in federal court"); *Shove v. Ayers*, No. 09-55013 (9th Cir. Mar. 24, 2009) (denying request for certificate of appealability from order summarily dismissing habeas petition filed during pendency of direct appeal).

Where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rules Governing Section 2254 Cases in the United States District Courts R. 4. A petitioner is not entitled to relief in the district court on a claim that is unexhausted. United States Code title 28 section 2254(b)(1) provides, in relevant part, that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(a). Indeed, the United States Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Rhines v. Weber*, 544 U.S. 269, 274 (2005) (addressing application of total exhaustion requirement to petitions containing both exhausted and unexhausted claims); 28 U.S.C. § 2254(b)(1), (c). "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner[s'] federal

1 rights." *Coleman*, 501 U.S. at 731. The federal court must allow "'the courts of
2 another sovereignty with concurrent powers, and already cognizant of the
3 litigation, . . . an opportunity to pass upon the matter.'" *Id.* (quoting *Rose v. Lundy*,
4 455 U.S. 509, 518 (1982)). Thus, a petitioner has not exhausted his state remedies
5 "if he has the right under the law of the State to raise, by any available procedure,
6 the question presented." 28 U.S.C. § 2254(c).

7 Because Petitioner's automatic appeal has not yet been decided, the state
8 court has not had an opportunity to address and correct the alleged violations of
9 Petitioner's federal rights. This Court must provide that opportunity to the state
10 court.

11 The above-titled action is, therefore, DISMISSED.

12 **IT IS SO ORDERED.**

14 Dated: September 21, 2012.

GEORGE H. WU
United States District Judge

4